UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                Case No. 06-55754

GLENN RICHARD UNDERWOOD,                 Chapter 7
*pro se*,
                                                      Judge Thomas J. Tucker
                    Debtor.
_____ /

### OPINION AND ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION

This Chapter 7 case is before the Court on the Debtor's motion entitled "Debtor's Motion(s) Requesting Striking Chapter 7 Conversion and Resetting to Chapter 11," filed February 13, 2018 (Docket # 339, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the August 30, 2017 Order converting this case to Chapter 7 (Docket # 309), and, possibly, from other orders previously entered by the Court in this case.

The United States Trustee and the Chapter 7 Trustee filed timely objections to the Motion, on February 22, 2018 and February 27, 2018, respectively (Docket ## 340, 342). The Court concludes that a hearing on the Motion is not necessary. The Court will deny the Motion, for each of the following reasons.

**First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* E.D. Mich. LBR 9024-1(a)(3).

**Second**, the Court finds that the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any ground under Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023, or any other valid ground, for relief from the order converting this case, or for relief from any other order previously entered by the Court in this case.

**Third**, the Court agrees with all of the arguments made by the United States Trustee in his filed response objecting to the Motion (Docket # 340), and the Court agrees with all of the arguments made by the Chapter 7 Trustee in his filed response objecting to the Motion (Docket # 342). For those reasons, the Court should and must deny the Motion.

**Fourth**, the Debtor's statements in the Motion (at page 1) that he is "attempting to understand what the court has ordered in subject case" and that he is "trying to understand what all has transpired in the case since April 27, 2017 to the present," demonstrate that the Debtor is not capable of properly acting as a debtor-in-possession, and fulfilling his fiduciary duties as such, if this case were returned to its prior status as a Chapter 11 case. This is a further reason to deny the Motion.

**Fifth**, most of the other statements made by the Debtor in the Motion (pages 1-2) show that he is merely attempting to relitigate numerous issues that have already been conclusively decided by final orders that are no longer appealable. This the Debtor clearly cannot do, under the doctrines of res judicata, collateral estoppel, the *Rooker-Feldman* doctrine, the law-of-the-case doctrine, and under the appellate mandate doctrine. And this frivolous attempt to relitigate resolved issues further demonstrates that the Debtor is not capable of properly acting as a debtor-in-possession, and fulfilling his fiduciary duties as such, if this case were returned to its prior status as a Chapter 11 case. This is a further reason to deny the Motion.

**Sixth**, if and to the extent the Motion can be construed as alleging, among other things, that there was any violation of the Debtor's procedural due process rights in the entry of the order converting this case to Chapter 7, or in any other order entered in this case from April 27, 2017 to present, any such alleged violation is harmless, and therefore would not entitle the Debtor to any relief from the conversion order or from any other order entered by this Court. *Cf. Haffey v. Crocker* (*In re Haffey*), 576 B.R. 540, 548-49 (B.A.P. 6th Cir. 2017) (a party is not entitled to relief for a due process violation if the violation was harmless; *i.e.*, if the violation caused no prejudice). This is because the Motion fails to allege any facts, or present any argument, which would constitute a valid defense against the conversion order or any other order of this Court.

NOW, THEREFORE,

IT IS ORDERED that the Motion (Docket # 339) is denied.

**Signed on March 5, 2018**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**

2