UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                         Case No. 06-55754

GLENN RICHARD UNDERWOOD, *pro se*,            Chapter 7

                 Debtor.                              Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE DEBTOR'S OBJECTIONS TO THE CHAPTER 7
TRUSTEE'S MOTION TO SELL THE PROPERTIES AT 6185 AND 6085 WHITE
LAKE ROAD, WHITE LAKE TOWNSHIP**

**I. Introduction**

This case is before the Court on the motion filed by the Chapter 7 Trustee entitled "Trustee's Motion for Approval of Sale Procedures and for Order Transferring Liens and Other Interests to Sale Proceeds" (Docket # 336, the "Trustee Sale Motion"). The Debtor Glenn Underwood (the "Debtor"), timely filed an objection to the Trustee Sale Motion, on March 5, 2018 (Docket # 345, the "Objection"). No other party in interest has filed an objection to the Trustee Sale Motion, and the deadline for doing so was March 8, 2018.

For the following reasons, the Court concludes that a hearing on the Trustee Sale Motion and the Debtor's Objection is not necessary, and that the Debtor's Objection must be overruled. That leaves no objections to the Trustee Sale Motion, and the Court will grant that motion.

**II. Jurisdiction**

This Court has subject matter jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

This proceeding also is "core" because it falls within the definition of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within this category in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *See id.* at 27.

## III. Discussion

The Trustee's Sale Motion seeks approval to sell the bankruptcy estate's real property located at 6185 & 6085 White Lake Road, White Lake Township, Michigan (together, the "Real Property"), for $211,000.00 or for a higher amount, if any, that may be bid for the Real Property. The motion also seeks approval of procedures relating to the sale of the Real Property.

The Debtor's Objection falls into two categories: (1) an argument that the Real Property has a market value higher than the proposed $211,000.00 sale price, and arguments made to support that conclusion; and (2) various arguments unrelated to the value of the Real Property or the Trustee's proposed sale procedures.

As to the second of these objection categories, the Court must reject all the Debtor's arguments, because in making these arguments the Debtor is merely attempting to relitigate numerous issues that have already been conclusively decided by final orders that are no longer appealable. This the Debtor cannot do, under the doctrines of res judicata, collateral estoppel, the *Rooker-Feldman* doctrine, the law-of-the-case doctrine, and under the appellate mandate doctrine. This prohibition on relitigation has been explained several times, in the prior orders and opinions of this Court and of the United States District Court (in rejecting the Debtor's

2

appeals).

As to the first of the above Debtor-objection categories, the Debtor asserts that the fair market value of the Real Property is $287,000.00. (Objection at 2). The Court construes this as an argument that the Trustee's proposed sale price of $211,000.00 (which is subject to possible higher bids), is unreasonably low, compared to the market value of the Real Property. The Court concludes that the Debtor lacks standing to make this objection, for the following reasons.

Even if the Trustee was proposing to sell the Real Property for a price equal to what the Debtor says is its market value — *i.e.*, $287,000.00 — the Debtor would be no better off financially than if the Real Property sells for the $211,000.00 proposed amount. Thus, the Debtor has no financial stake in the outcome of his objection regarding the sale price of the property.

The Court has previously discussed the concept of debtor standing to make objections in a Chapter 7 case, most recently in the case of *In re DiNoto*, 576 B.R. 835 (Bankr. E.D. Mich. 2017). That case discussed the standing concept in the context of holding that a Chapter 7 debtor lacks standing to object to a creditor's proof of claim, unless the debtor shows that the case is likely to be a "surplus" case. The reasoning that leads to that conclusion applies equally to a debtor who tries to object to a Chapter 7 trustee's sale motion on the ground that the sale price is too low. In the *DiNoto* case, this Court explained the standing concept in this way:

> The general rule is that a debtor in a Chapter 7 case does not have standing to object to a proof of claim. This is because, in the vast majority of Chapter 7 cases, it makes no financial difference to the debtor whether claims are paid by the Trustee or in what amount claims are paid.
> Under 11 U.S.C. § 502(a), a proof of claim is deemed allowed unless a "party in interest" objects.

3

> *See also* Fed. R. Bankr. P. 3008. The Bankruptcy Code nowhere defines the term "party in interest." The vast majority of courts have held that only a Chapter 7 trustee may file objections to a proof of claim.

*United States v. Jones*, 260 B.R. 415, 418 (E.D. Mich. 2000) (collecting cases).

> Generally, to have standing in a bankruptcy case, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings. One rule that follows from this "pecuniary interest" standard is that an insolvent Chapter 7 debtor generally does not have standing to object to claims, because he is considered to have no interest in how his assets are distributed among his creditors and is held not to be a party in interest.

*In re Moss*, 320 B.R. 143, 149 (Bankr. E.D. Mich. 2005). "In fact, almost every court that has dealt with the issue of a Chapter 7 debtor's standing to object, has held that unless there is going to be a surplus, debtors do not have standing to object to a proof of claim." *Jones*, 260 B.R. at 418. This is so because only when there is a surplus in the bankruptcy estate — *i.e.*, the assets in the estate exceed in value the amount necessary to pay all allowed administrative expenses and all allowed creditor claims in full with interest — will the debtor be entitled to any distribution from the estate. *See* 11 U.S.C. § 726(a).

Further, **in trying to demonstrate standing, "the [D]ebtor cannot simply claim that there is a theoretical chance of a surplus in the estate, but must show that such surplus is a reasonable possibility."** *Simon v. Amir* (*In re Amir*), 436 B.R. 1, 10 (B.A.P. 6th 2010) (internal citations and quotations omitted). The Debtor has the burden of demonstrating such a reasonable possibility of a surplus. *See id.*; *see also In re Lunan*, 523 Fed. App'x. 339, 340 (6th Cir. 2013) (same).

576 B.R. at 838 (emphasis added) (footnote omitted).[1]

---

[1] In a footnote in the *DiNoto* case, the Court also stated the following:

The Court reiterates its holdings and reasoning in *DiNoto*, and applies them to the Debtor's Objection to the Trustee Sale Motion in this case. *See also 60 East 80th St. Equities, Inc. v. Sapir* (*In re 60 East 80th St. Equities, Inc.*), 218 F.3d 109, 115–16 (2d Cir.2000) (citations omitted) (holding that the debtor "clearly lacked standing to challenge the sale [of assets of the estate] . . . or otherwise participate in litigation surrounding the assets of the estate" where there would be no "surplus after all creditors' claims [were] paid"); *Cult Awareness Network, Inc. v. Martino* (*In re Cult Awareness Network, Inc.*), 151 F.3d 605, 607–09 (7th Cir. 1998) (holding that the debtor lacked standing "to object to the trustee's sale of its trade name . . . because it ha[d] no pecuniary interest in the disposal of its estate"); *Willemain v. Kivitz* (*In re Willemain*), 764 F.2d 1019, 1022–23 (4th Cir.1985) (holding that the Chapter 7 debtor had no "standing to challenge the proposed sale of his primary asset" because he "lack[ed] a pecuniary interest in this litigation").

The Debtor has not alleged or demonstrated that there is a reasonable possibility that there will be any surplus in this Chapter 7 case, even if the Trustee could sell the Real Property for a price equal to what the Debtor says is its market value ($287,000.00). Rather, the record shows that there is no possibility of a surplus.

If the Real Property were sold for $287,000.00, the proceeds of that sale first would be

---

An exception to this surplus rule, not applicable in this case, is that "when the debtor has a non-dischargeable debt, for which the debtor will remain personally liable after the bankruptcy," the debtor has standing to object to a claim if success on the objection will increase the bankruptcy estate's distribution on the non-dischargeable claim. *See Moss*, 320 B.R. at 149-50 and cases cited therein; *see also Jones*, 260 B.R. at 418 and cases cited therein.

576 B.R. at 838 n. 1.

reduced by the required payment of approximately $22,000.00 in outstanding property taxes on the Real Property,[2] and the normal costs of sale, including a standard 6% real estate commission.[3] Of these costs of sale, the 6% real estate commission alone would equal $17,220.00. Deducting only the property taxes and the real estate commission (a total of $39,220.00) brings the net proceeds of sale down to $247,780.00.

From this amount, before the Debtor could receive any distribution, the Trustee would be required to make distributions that paid in full all of the creditors of the bankruptcy estate according to the priority rules of 11 U.S.C. § 726 — including first, full payment of allowed Chapter 7 administrative expenses (including a Trustee fee and allowed fees of the Trustee's counsel); second, full payment of all allowed Chapter 11 administrative expenses, if any; third, payment in full of all other allowed priority claims, if any; and fourth, full payment of all other allowed unsecured claims, plus interest on such claims. *See* 11 U.S.C. §§ 726(a)(1) - 726(a)(6).

In this case, the statutory fee for the Chapter 7 Trustee under the commission percentages provided in 11 U.S.C. §§ 326(a) and 330(a)(7), on distributions totaling $247,780.00, would be $15,639.00. The allowed amount of fees for the Chapter 7 Trustee's counsel remains to be determined. The amount of allowed Chapter 11 administrative expenses, if any, is not necessarily known yet. As for the other unsecured claims in this case, we know, at a minimum, that the allowed claim of the judgment creditors Patricia Selent, et al. is $200,823.00 plus

---

[2] *See* Trustee Sale Motion at ¶ 8.

[3] *See, e.g.*, the February 9, 2018 Order in this case, approving the Trustee's employment of the real estate agent (Docket # 335) (approving compensation not to exceed 6% of the gross proceeds from the sale of the Real Property).

6

interest,[4] and the Chapter 11 Liquidating Agent, Gene Kohut, reasonably estimated as of April 20, 2017, that the unpaid balance on that allowed claim is $266,744.09.[5] In addition, the Claims Register and the proofs of claim filed in this bankruptcy case show that the unsecured claims other than the claim of the judgment creditors Patricia Selent, et al., total at least $62,730.35.[6]

From these numbers, it appears that a total of *more than* $345,113.44 ($15,639.00 + $266,744.09 + $62,730.35 = $345,113.44) would have to be paid by the Trustee to creditors in this case before the Debtor would be entitled to receive any surplus distribution under 11 U.S.C. § 726(a)(6). But nothing close to this amount would be paid by the $247,780.00 in maximum net sale proceeds,[7] calculated above, that the estate would realize from a sale of the Real Property by the Chapter 7 Trustee, *if* the Real Property were sold for the $287,000.00 market value alleged by the Debtor.

From these numbers, it is clear that the Debtor has no financial stake in the outcome of the Trustee's Sale Motion, or in the outcome of his objection that the Trustee's proposed sale price is too low. And the Debtor's Objection does not demonstrate, or even allege, otherwise. Thus, the Debtor lacks standing to object to the Trustee's proposed sale of the Real Property on

---

[4] Such allowed claim is described and referred to in Paragraph 8 of the Court's Order entered on December 10, 2014 in Adv. Pro. No. 14-4966 (at Docket # 65).

[5] *See* Status Report (Docket # 281) at 3.

[6] This total is the sum of the claim amounts of the claims in the Claims Register numbered 2-1, 4-1, 11-1, 13-1, 21-1, 22-1, plus the allowed claim of Rockwood W. Bullard in the amount of $5,380.00, plus the allowed claim of C. Daniel Harry in the amount of $15,714.59. The allowed amounts of these last two claims were set by the July 24, 2007 order confirming Debtor's Chapter 11 plan (Docket # 114, at 2, 3).

[7] This maximum amount of net sale proceeds is an overstated amount, since it does not factor in costs of sale, other than the real estate commission.

the ground that the price is too low.  That objection by the Debtor to the sale therefore must be overruled.

**IV. Conclusion**

For the reasons stated in this opinion, the Court will enter an order overruling the Debtor's Objection.  Because no other objections have been filed, and because the Court finds that the Trustee Sale Motion is well taken and should be granted,[8] the Court instructs the Trustee to submit a proposed order granting his motion.  The Court waives presentment of such order.

**Signed on March 9, 2018**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[8] The Court finds that the sale, sale price, and sale procedures proposed in the Trustee Sale Motion are fair and reasonable, are in the best interests of the bankruptcy estate and all parties in interest, and are an appropriate exercise of the Trustee's judgment and discretion in performing his fiduciary duties.